**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YOEN HUNG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>PINDUODUO INC., ZHENG HUANG and TIAN XU,<br><br>Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff Yoen Hung ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Pinduoduo Inc. ("Pinduoduo" or the "Company") with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Pinduoduo; and (c) review of other publicly available information concerning Pinduoduo.

## I. NATURE OF THE ACTION AND OVERVIEW

1. This is a class action on behalf of persons and entities that acquired Pinduoduo securities between July 26, 2018 and July 31, 2018, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

2. Pinduoduo is an e-commerce platform allowing users to participate in group buying deals. The Company was founded in 2015 and is based in Shanghai, China. Since July 26, 2018, Pinduoduo's American depositary shares ("ADSs") have traded on the NASDAQ under the ticker symbol "PDD".

3. On or around July 26, 2018, Pinduoduo completed its IPO, offering 85.6 million ADSs priced at $19.00 per share and raising $1.63 billion.

4. In the Registration Statement and Prospectus (defined below) issued in connection with Pinduoduo's IPO, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Pinduoduo's controls were ineffective to prevent third-party vendors from selling counterfeit goods on the Company's online platform; (ii) consequently, Pinduoduo's revenues and the number of active merchants using its

platform were traceable in part due to unlawful conduct and thus unsustainable; and (iii) as a result, Pinduoduo's public statements were materially false and misleading at all relevant times.

5. On July 31, 2018 and August 1, 2018, media outlets reported that China's State Administration for Market Regulation was investigating Pinduoduo after reports of third-party vendors selling counterfeit goods on the Company's group-discounting website.

6. On this news, the price of Pinduoduo ADSs fell $2.28, or 10.09%, to close at $20.31 on August 1, 2018.

7. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## II.   JURISDICTION AND VENUE

8. The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

10. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)).  Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District.  Many of the acts charged herein, including the dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District.  In addition, the Company's principal executive offices are in this Judicial District.

11. In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the

United States mail, interstate telephone communications, and the facilities of a national securities exchange.

### III. PARTIES

12. Plaintiff Yoen Hung, as set forth in the accompanying certification, incorporated by reference herein, purchased Pinduoduo securities during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

13. Defendant Pinduoduo is incorporated in the Cayman Islands, with principal executive offices located at 28/F, No. 533 Loushanguan Road, Changning District, Shanghai, 200051, People's Republic of China. Pinduoduo's ADSs trade on the NASDAQ under the ticker symbol "PDD."

14. Defendant Zheng Huang ("Huang") has served at all relevant times as the Company's Chief Executive Officer and Chairman of the Board of Directors. Huang reviewed, contributed to and signed the Registration Statement.

15. Defendant Tian Xu ("Xu") has served at all relevant times as the Company's Principal Financial and Accounting Officer. Xu reviewed, contributed to and signed the Registration Statement.

16. The Defendants referenced above in ¶¶ 14-15 are sometimes referred to herein as the "Individual Defendants."

### IV. SUBSTANTIVE ALLEGATIONS

#### A. Background

17. Pinduoduo is an e-commerce platform allowing users to participate in group buying deals. The Company is headquartered in Shanghai, China. Pinduoduo purports to have 300 million active buyers and reaches a consumer group living outside China's megacities.

18. On May 7, 2018, Pinduoduo filed a draft registration statement on Form DRS with the SEC. The registration statement was subsequently amended several times, with the final amended registration statement filed on Form F-1/A on July 24, 2018 (collectively, the "Registration Statement"). The Registration Statement contained a preliminary prospectus. The final prospectus (the "Prospectus") was filed with the SEC on July 26, 2018. On July 25, 2018, the SEC declared the Registration Statement effective.

19. On or about July 26, 2018, Pinduoduo completed its IPO, offering 85.6 million ADSs, priced at $19.00 per share, and raising $1.63 billion.

### B. Materially False and Misleading Statements Issued During the Class Period

20. On July 26, 2018, Pinduoduo filed its Prospectus, which forms part of the Registration Statement, with the SEC. In the Prospectus, Pinduoduo stated, in relevant part:

**Our Business**

We are an innovative and fast growing "new e-commerce" platform that provides buyers with value-for-money merchandise and fun and interactive shopping experiences. Our *Pinduoduo* mobile platform offers a comprehensive selection of attractively priced merchandise, featuring a dynamic social shopping experience that leverages social networks as an effective and efficient tool for buyer acquisition and engagement. As a result of our innovative business model, we have been able to quickly expand our buyer base and establish our brand recognition and market position. We are one of the leading Chinese e-commerce players in terms of GMV and the number of total orders. Our GMV in 2017 and the twelve-month period ended June 30, 2018 was RMB141.2 billion and RMB262.1 billion (US$41.8 billion), respectively. In 2017 and the twelve-month period ended June 30, 2018, the number of total orders placed on our *Pinduoduo* mobile platform reached 4.3 billion and 7.5 billion, respectively.

\* \* \* \* \*

Our large and highly active buyer base has helped attract merchants to our platform, and the scale of our sales volume has encouraged merchants to offer even more competitive pricing and customized products and services to buyers, thus forming a virtuous cycle. In the twelve-month period ended June 30, 2018, we had 1.7 million active merchants on our platform, offering a broad range of product categories.

4

21. With respect to the sale of counterfeit goods, Pinduoduo offered merely the following non-specific representations:

**Any harm to our brand or reputation may materially and adversely affect our business and results of operations.**

We believe that the recognition and reputation of our *Pinduoduo or "拼多多"* brand among our buyers, merchants and third-party service providers have contributed significantly to the growth and success of our business. Maintaining and enhancing the recognition and reputation of our brand are critical to our business and competitiveness. Many factors, some of which are beyond our control, are important to maintaining and enhancing our brand. These factors include our ability to:

- provide a superior shopping experience to buyers;
- maintain the popularity, attractiveness, diversity, quality and authenticity of our product offerings;
- maintain the efficiency, reliability and quality of the fulfillment and delivery services to our buyers;
- maintain or improve buyers' satisfaction with our after-sale services;
- increase brand awareness through marketing and brand promotion activities; and
- preserve our reputation and goodwill in the event of any negative publicity on consumer experience or merchant service, internet and data security, product quality, price or authenticity, or other issues affecting us or other e-commerce businesses in China.

Public perception that counterfeit, unauthorized, illegal, or infringing products are sold on our platform or that we or merchants on our platform do not provide satisfactory consumer services, even if factually incorrect or based on isolated incidents, could damage our reputation, diminish the value of our brand, undermine the trust and credibility we have established and have a negative impact on our ability to attract new buyers or retain our current buyers. If we are unable to maintain our reputation, enhance our brand recognition or increase positive awareness of our platform, products and services, it may be difficult to maintain and grow our buyer base, and our business and growth prospects may be materially and adversely affected.

22. The statements referenced in ¶¶ 20-21 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Pinduoduo's

5

Case 1:18-cv-08094-PKC   Document 1   Filed 09/05/18   Page 7 of 20

controls were ineffective to prevent third-party vendors from selling counterfeit goods on the Company's online platform; (ii) consequently, Pinduoduo's revenues and the number of active merchants using its platform were traceable in part due to unlawful conduct and thus unsustainable; and (iii) as a result, Pinduoduo's public statements were materially false and misleading at all relevant times.

23. Following the completion of the IPO, the price of Pinduoduo's ADSs increased significantly, reaching as high as $27.54 per share on July 27, 2018.

### C. The Truth Begins to Emerge

24. On July 31, 2018 and August 1, 2018, media outlets reported that China's State Administration for Market Regulation was investigating Pinduoduo after reports of third-party vendors selling counterfeit goods on the Company's group-discounting website. *Reuters* reported, in part:

> Chinese regulators are investigating Pinduoduo Inc. after media reports of third-party vendors selling counterfeit goods on its group-discounting marketplace, a move analysts said is likely to further batter the firm's newly listed shares.
>
> The probe comes just days after the Shanghai-based startup raised $1.63 billion in the year's second-biggest U.S. listing by a Chinese firm, which valued Pinduoduo at $23.8 billion.
>
> The State Administration for Market Regulation said on its website that it will interview staff at the three-year-old firm and deal seriously with any illegal practices, such as the failure to remove listings featuring counterfeit goods.

25. On this news, the price of Pinduoduo ADSs fell $2.28, or 10.09%, to close at $20.31 on August 1, 2018.

26. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

6

## V.   CLASS ACTION ALLEGATIONS

27.   Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that acquired Pinduoduo securities between July 26, 2018 and July 31, 2018, inclusive, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

28.   The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Pinduoduo's ADSs actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds or thousands of members in the proposed Class. 85.6 million Pinduoduo ADSs were traded publicly during the Class Period on the NASDAQ. Record owners and other members of the Class may be identified from records maintained by Pinduoduo or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

29.   Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

30.   Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

31.   Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the

questions of law and fact common to the Class are:

(a) whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b) whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations and prospects of Pinduoduo; and

(c) to what extent the members of the Class have sustained damages and the proper measure of damages.

32. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## VI. UNDISCLOSED ADVERSE FACTS

33. The market for Pinduoduo's securities was open, well-developed and efficient at all relevant times. As a result of these materially false and/or misleading statements, and/or failures to disclose, Pinduoduo's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Pinduoduo's securities relying upon the integrity of the market price of the Company's securities and market information relating to Pinduoduo, and have been damaged thereby.

34. During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Pinduoduo's securities, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or misleading. The statements and omissions were materially false and/or misleading because they failed to disclose material adverse information and/or misrepresented the

truth about Pinduoduo's s business, operations and prospects as alleged herein.

35. At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Pinduoduo's financial well-being and prospects. These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein when the truth was revealed.

## VII.  LOSS CAUSATION

36. Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

37. During the Class Period, Plaintiff and the Class purchased Pinduoduo's securities at artificially inflated prices and were damaged thereby. The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## VIII.  SCIENTER ALLEGATIONS

38. As alleged herein, Defendants acted with scienter since Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or

9

disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, the Individual Defendants, by virtue of their receipt of information reflecting the true facts regarding Pinduoduo, their control over, and/or receipt and/or modification of Pinduoduo's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Pinduoduo, participated in the fraudulent scheme alleged herein.

## IX. NO SAFE HARBOR

39. The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent that certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements were made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of Pinduoduo who knew that the statement was false when made.

### FIRST CLAIM
### Violation of Section 10(b) of The Exchange Act and
### Rule 10b-5 Promulgated Thereunder Against All Defendants

40. Plaintiff repeats and re-alleges each and every allegation contained above as if fully

set forth herein.

41. During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase Pinduoduo's securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each defendant, took the actions set forth herein.

42. Defendants (i) employed devices, schemes and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Pinduoduo's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

43. Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about Pinduoduo's financial well-being and prospects, as specified herein.

44. Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Pinduoduo's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to

make the statements made about Pinduoduo and its business operations and future prospects in light of the circumstances under which they were made not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

45. Each of the Individual Defendants' primary liability and controlling person liability arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations and sales at all relevant times; and (iv) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and/or misleading.

46. Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Pinduoduo's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations,

financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false and/or misleading.

47. As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of Pinduoduo's securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Pinduoduo's securities during the Class Period at artificially high prices and were damaged thereby.

48. At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that Pinduoduo was experiencing, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Pinduoduo securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

49. By virtue of the foregoing, Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

50. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## SECOND CLAIM
### Violation of Section 20(a) of The Exchange Act
### Against the Individual Defendants

51. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

52. Individual Defendants acted as controlling persons of Pinduoduo within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions and their ownership and contractual rights, participation in, and/or awareness of the Company's operations and intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading. Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

53. In particular, Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

14

54. As set forth above, Pinduoduo and Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their position as controlling persons, Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b) Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c) Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d) Such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: September 5, 2018

**KIRBY McINERNEY LLP**

 */s/ Ira M. Press*
Ira M. Press
Thomas W. Elrod
825 Third Avenue, Floor 16
New York, NY 10022
Telephone: (212) 371-6600
Email: ipress@kmllp.com
 telrod@kmllp.com

*Attorneys for Plaintiff*

16

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

**YOEN HUNG** ("Plaintiff") declares, as to the claims asserted under the federal securities laws, that:

1. I have reviewed a complaint on behalf of investors in Pinduoduo, Inc. ("Pinduoduo"), and have authorized its filing on my behalf. I retain Kirby McInerney LLP and such co-counsel as it deems appropriate to associate with to pursue such action on a contingent fee basis.

2. I did not purchase Pinduoduo securities at the direction of Kirby McInerney LLP or in order to participate in this private action.

3. I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. My transactions in Pinduoduo securities during the Class Period, set forth in the class action complaint, are set forth on the attached Schedule A.

5. During the three years prior to the date of this certification, I have not served or sought to serve as a representative party for a class in any action filed under the federal securities laws.

6. I will not accept any payment for serving as a representative party on behalf of the class beyond the plaintiff's pro rata share of any class recovery, except as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this  30  day of August, 2018.

By:

Yoen Hung

## SCHEDULE A

Class Period Transactions of Yoen Hung in Pinduoduo ("PDD") Securities:

| Date | Purchase/Sale | Number of Shares | Price Per Share |
|---|---|---|---|
| 7/26/2018 | Purchase | 3,420 | $25.50 |
| 7/26/2018 | Purchase | 525 | $25.35 |
| 8/13/2018 | Sale | 3,420 | $19.59 |
| 8/13/2018 | Sale | 525 | $19.59 |